Simon, J.
The object of this controversy is to ascertain who has the best title to a family of slaves which the parties claim respectively under the same vendor.
A suit having been instituted by Hood against the defendant, Segrest, as a possessory action for the recovery of the slaves, then in the possession of the latter, it came before us by appeal upon the question whether it was a possessory or a petitory action, and we were of opinion that it was the latter. See the case of Hood v. Segrest, (1 Robinson, 109.) In the mean time, the second suit was brought for slander of title by Segrest, involving the same question, and the two suits were consolidated and tried together.
The cases were submitted to a jury, who finally found a verdict in favor of the defendant in the first suit, and in favor of the same person, as plaintiff, in the second : and said verdict having become the judgment of the inferior court, quieting Segrest in her possession and title to the slaves in controversy, Govy Hood, after an unsuccessful attempt to obtain a new trial, took this* appeal.
The facts of this case bearing upon the question of title are these : On the 18th of November, 1833, Bardee Segrest executed an act before the Parish Judge, purporting to be a sale of a female slave named Lucy, by him made to James B. Prescott, for and in consideration of the sum of $500 to him in hand paid by the vendee, with the stipulation that said slave was to remain in the possession of the vendor, and to his use, until his death, but that said vendor was not to sell or mortgage the slave to the prejudice of the act. Thus, the right of property was sold to Prescott with a reservation of the usufruct in favor of the vendor until his death. This act was signed by the parties with one witness, although two are named in the act, and acknowledged by them before the Parish Judge acting as notary public, who also signed it. It was immediately recorded on the same day, by the said Parish Judge, who states in his certificate, that it was recorded in his office in notarial book A, fo. 130. The parol evidence taken on the trial shows, that the vendor, Segrest, died in May, 1840.; that the slave sold and her children remained in his possession until his death, and that the appellee took possession of them, *212 about July, 1840, when they were delivered over to her by Prescott, her vendor, who had sold them to her by a regular notarial deed, executed on the 9th of July, 1840, for and -in consideration of the sum of $800, to him in hand paid.
But it appears that, on the 28th of March, 1838, Bardee Segrest executed a notarial act of sale’ of his property, consisting of a tract of land on the river Mississippi, with the improvements thereon, and several slaves, among whom two of the slaves in controversy are included, to the appellant Hood, who, according to the evidence, lived in the same house with his vendor, for and in consideration of the sum of $13,000. B. Segrest, however, continued to keep the slaves in his possession, to treat them as his own, and to have them assessed, and to pay the taxes on them as his property; and the testimony establishes the facts, that no land lying on the Mississippi river was ever assessed to Hood on the tax roll of 1839 ; that the same was assessed to Segrest by the assessors under his oath; that Hood was called on for his taxable property and did not declare it; and that, after the conveyance to Hood, said land was seized by the Sheriff as Segrest’s property, offered for sale, and after all due formalities, was adjudicated to the highest bidder, Louis Selby, Esq., Hood’s counsel in this cause, for $425. The evidence of this last fact was rejected by the Judge, a quo, but is incorporated in the bill of exceptions.
In addition to the above facts, and in support of the allegations of fraud and simulation pleaded in the appellee’s answers, the record discloses substantially the following circumstances: That Segrest, previous to his conveyance to Hood, offered to sell the slaves to divers persons, for the purpose of avoiding the payment of a certain debt, and that afterwards the property was to be re-conveyed to him when the debt was settled. That, in 1839, one of the witnesses hired the slave Lucy from Segrest, and paid him the hire. That there was no difference in the control exercised by Segrest over the slave Lucy, before and after the sale to Hood. Divers other facts were proved, tending to show that no money was paid by Hood for the price of the property conveyed to him by Segrest; that the latter had no other property besides what he sold to Hood ; that they lived together in the same house; that Hood charged Segrest for payment of taxes upon the land and *213 slaves which he now claims as his own; and that Hood, though applied to for that purpose, refused to rent the land a short time before Segrest’s death, and only commenced renting it in June, 1840.
But the principal question which this case presents, and on which it must turn, grows out of a bill of exceptions, taken by the appellee’s counsel to the opinion of the Judge, a quo, sustaining the appellant’s objections to the introduction in evidence of the act of sale from Segrest to Prescott, executed on the 18th of November, 1833. Said objections were : 1. That said act had not been recorded in-the Parish Judge’s office, according to law; as it was not acknowledged by the party, or proven by the oath of a subscribing- witness, previously to its being recorded.
2. That said act is incomplete on its face, and never was finished.
3. That the appellee, in her pleadings, claimed title by notarial act, and this was one under private signature.
We think the District Court erred in refusing to receive said act in evidence:
I. As we have'already remarked, the act under consideration was signed by the parties in the presence of the Parish Judge and two witnesses, one of whom signed it, and it recites that it was acknowledged by the vendor before the said Parish Judge, all which is attested by the officer under his signature. Said act Avas spread upon the records of his office on the same day it was executed, and was clearly in sufficient form to authorize its being recorded, and to give it, against third persons, the effect which the law allows to acts under private signature duly recorded. Civ. Code, art. 2242. Art. 2250 of the Code says: “ The record of an act purporting to be a sale or exchange of real property, shall not have effect against creditors, or bona fide purchasers, unless, previous to its being recorded, it was acknowledged by the party, or proved by the oath of one of the subscribing witnesses, and the certificate of such acknoioledgment be signed by a judge or notary, and recorded with the instrument.” All this appears to have been done in this case. The Judge had received the acknowledgment of the vendor, had seen him write his name, the act was duly attested under the officer’s signature ; and *214 we cannot see the necessity of proving the signature of the party by any witness, when the officer himself has seen said party write his name at the close of the act. It was clearly sufficiently proved' to be recorded.
II. Art. 2232 of the Civil Code, provides that, “an act which is not authentic, through the incompetence or the incapacity of the officer, or through a defect of form, shall avail as a private writing, if it be signed by the parties.” The mere quoting of this law is a sufficient answer to the objection ; as if, for the want of the signature of one of the .witnesses to the act, it had not the authenticity required by law to make it a public act, it was undoubtedly good as one under private signature. Civ. Code, arts. 2231, 2233, 2237, 2238. 8 Mart. N. S. 501.
III. This objection was insufficient to preclude the production of the deed. Such as it is, it is fully described in the pleadings ; no mistake could be made in its identity; and, on referring to one of the appellee’s amended answers, we find that it is stated that, “the allegations that she holds the slaves in controversy by virtue of a notarial act, was made in error.” This objection was rather futile, as the appellant well knew the appellee’s title, and was in no danger of being taken by surprise.
Upon the whole, we are of opinion, that the verdict of the jury, rendered in the absence of the appellee’s principal document, and without her having been allowed to show the basis of her title to the slaves in controversy, is fully sustained by the evidence; and, a fortiori, should it be maintained, since"'the title of the said appellee is now more clearly made out by the admission in evidence of the deed of sale which had been rejected below.
With regard to the appellant’s plea of prescription, so much relied on by his counsel in his brief, it is untenable.* His vendor’s possession was based upon the reservation of usufruct stipulated in the deed to Prescott; and it is a well known rule in matters of prescription, that “ one cannot prescribe against his own title, in this sense, that he cannot change, by his own act, *215 the nature and the origin of his possession.” Civ. Code, art. 3480.

Judgment affirmed.

 The action by Hood was commenced on the 20th July, 1840. The petition of Segrest, in her action for slander of title, was filed on the 17th of May, 1841.